[No. 73477-1.   En Banc.]
Argued October 22, 2003.     Decided January 15, 2004.

SAFECO INSURANCE COMPANY, *Respondent*, v. DENISE BRACKETT
WOODLEY, *Petitioner*.

766

*Philip A. Talmadge* (of *Talmadge Law Group, P.L.L.C.*) and *Gordon A. Woodley*, for petitioner.

*J. Robert Leach* (of *Anderson Hunter Law Firm, P.S.*), for respondent.

FAIRHURST, J. — A no-fault motorist was injured in a car accident with an underinsured motorist (tortfeasor). She received both personal injury protection (PIP) benefits and underinsured motorist (UIM) benefits from the same insurance carrier, as well as a recovery from the tortfeasor. After arbitration of the UIM claim was complete, the insurance carrier took an offset, in an amount equal to the PIP benefits it previously paid, against the amount it owed in its capacity as UIM carrier. We apply our earlier decision in *Winters v. State Farm Mutual Automobile Insurance Co.*, 144 Wn.2d 869, 31 P.3d 1164, 63 P.3d 764 (2001), and hold that in order to take the offset, the insurance carrier must pay a pro rata share of the legal expenses incurred by the insured to recover from the tortfeasor and to arbitrate the UIM claim. In addition, we deny the insured's request for prejudgment interest on the pro rata share of attorney fees but award the insured reasonable attorney fees, including those on appeal.

## I. FACTS AND PROCEDURAL HISTORY

In July 1991, Denise Brackett Woodley was injured in an automobile accident with an underinsured motorist. Woodley qualified as an insured under a policy with Safeco

Insurance Company (hereinafter Safeco) for both PIP benefits and UIM benefits. She received $56,435.25 in PIP benefits from Safeco for medical expenses she incurred as a result of the accident. The tortfeasor had liability coverage for up to $300,000 and eventually paid Woodley the full coverage limit. While her lawsuit with the tortfeasor was pending, Woodley also sought the limit of her $1,000,000 UIM coverage from Safeco.

■ After attempts to settle the UIM claim proved unsuccessful, Woodley pursued arbitration, as provided in the Safeco policy, and was awarded $450,000 in total damages. Anticipating Woodley's settlement with the tortfeasor, Safeco took a $300,000 setoff from the $450,000 in damages it owed to Woodley as a result of the UIM arbitration.[1] In addition, Safeco offset the amount of its prior PIP payments from the remaining $150,000 it owed in UIM benefits. After taking the tortfeasor setoff and the PIP offset, Safeco tendered Woodley a check for $93,564.75 ($450,000 arbitration award, minus $300,000 tortfeasor recovery setoff, minus $56,435.25 offset for prior PIP payments).

The propriety of Safeco's setoffs was extensively litigated, and the case was eventually remanded to the Court of Appeals following our decision in *Price v. Farmers Insurance Co.*, 133 Wn.2d 490, 946 P.2d 388 (1997). *Woodley v. Safeco Ins. Co.*, 134 Wn.2d 1001, 953 P.2d 95 (1998). On remand, the Court of Appeals vacated its earlier opinion and a new declaratory judgment action was filed. *Woodley v. Safeco Ins. Co.*, 84 Wn. App. 653, 953 P.2d 822 (1998). In the new declaratory judgment action, the trial court permitted Safeco to set off the full $300,000 that Woodley received through her settlement with the tortfeasor. The Court of Appeals affirmed, *Safeco Insurance Co. v. Woodley*, 102 Wn.

---

[1] We use "setoff" and "offset" as they are defined in *Winters*: "A 'setoff' . . . refers to sums paid to the insured by another party. . . . An 'offset' refers to a credit to which an insurer is entitled for payments made under one coverage against claims made under another coverage within the same policy." *Winters*, 144 Wn.2d at 876. "Whatever term is used, the insured must be fully compensated before the insurer may recoup benefits paid." *Id.*

App. 384, 8 P.3d 304 (2000), and Woodley again petitioned for review.

In April 2002, we granted Woodley's petition for review, but "only on the issue of Safeco's obligation to share in Woodley's legal expenses," and remanded the case to the Court of Appeals "for reconsideration in light of *Winters.*" Wash. State Supreme Court Order, *Safeco Ins. Co. v. Woodley*, No. 70251-9, 145 Wn.2d 1032, 42 P.3d 1278, 2002 WL 499276 (Apr. 2, 2002). In its order on remand, the Court of Appeals concluded that Woodley had not properly raised the question of Safeco's obligation to pay a pro rata share of legal expenses and declined to amend its earlier opinion to address *Winters* directly. *Woodley*, 102 Wn. App. at 395. Woodley petitioned for review yet again, and we accepted review. *Safeco Ins. Co. v. Woodley*, 149 Wn.2d 1017, 72 P.3d 762 (2003).

## II. ISSUES

A.  Should Safeco, in order to take an offset to reimburse itself for its prior PIP payments, be required to pay a pro rata share of the legal expenses Woodley incurred to recover from the tortfeasor and pursue her UIM claim?

B.  If Woodley is entitled to a pro rata share of legal expenses, is she entitled to prejudgment interest on that amount?

C.  Is Woodley entitled to costs on appeal, including reasonable attorney fees?

## III. ANALYSIS

As noted above, the Court of Appeals concluded that Woodley did not precisely raise the issue of pro rata sharing of legal expenses and decided not to consider the issue presented by *Winters*. Regardless of whether Woodley precisely raised the question of pro rata sharing of legal expenses, it is clear that the issue was considered by both

the parties and the Court of Appeals.[2] RAP 1.2(a) encourages the liberal interpretation of the Rules of Appellate Procedure in order to "facilitate the decision of cases on the merits" and permits cases to be determined on procedural rules only "in compelling circumstances where justice demands." We find no compelling circumstances to justify refusing to hear the merits of this case.

A. *In Order to Take an Offset to Reimburse Itself for Its Prior PIP Payments, Safeco Must Pay a Pro Rata Share of the Legal Expenses Woodley Incurred to Recover from the Tortfeasor and Pursue Her UIM Claim.*

Two separate and distinct types of insurance coverage are involved in this case—PIP and UIM. PIP coverage generally provides benefits for the immediate costs of an automobile accident, including medical expenses and loss of income. UIM coverage, which functions separately from PIP, covers all damages that the insured would have been entitled to receive from the tortfeasor, including the medical expenses, loss of income, and other damages that are also covered by PIP. *See* RCW 48.22.030, .095.

■ Because PIP and UIM coverages overlap, PIP insurers generally contract for a right to receive reimbursement of PIP benefits if an insured recovers from the tortfeasor, from a UIM carrier, or both. *See, e.g., Mahler v. Szucs*, 135 Wn.2d 398, 436, 957 P.2d 632, 966 P.2d 305 (1998) ("Provided the insurer recognizes the public policy in Washington of full compensation of insureds . . . the insurer may establish its right to reimbursement and the mechanism for its enforcement by its contract with the insured."). The

---

[2] The Court of Appeals opinion notes that *Winters* (then still a Court of Appeals decision) requires an insurer to "pay a portion of the costs [the insured] incurred in litigating against the tortfeasor and in arbitrating her UIM claim," but improperly distinguished *Winters* based on a difference in policy language. *Woodley*, 102 Wn. App. at 395 n.7. After the Court of Appeals rendered its decision, Safeco asked the court to publish its opinion because Safeco believed the opinion would be useful in halting the misuse of language in *Mahler v. Szucs*, 135 Wn.2d 398, 957 P.2d 632, 966 P.2d 305 (1998), and *Winters* that insureds were relying on to recover legal expenses. Thus, the issue of pro rata legal expenses raised by the *Winters* case was considered by the Court of Appeals.

right to reimbursement, however, is subject to the pro rata sharing rule we articulated in *Mahler. Mahler* explains that in order to receive reimbursement of PIP benefits previously paid to an insured out of the pool of funds recovered from the tortfeasor, a PIP carrier must pay a pro rata share of the legal expenses the insured incurs in order to obtain the tortfeasor recovery. *Id.*

Our recent decision in *Winters* clarifies that the pro rata sharing rule articulated in *Mahler* also applies to cases in which the insured incurs legal expenses to obtain a recovery from both the tortfeasor and the UIM carrier. *Winters*, 144 Wn.2d at 883. In *Winters*, the insured obtained a tortfeasor settlement in the amount of $25,000 and a separate UIM arbitration award of $40,271.[3] Winters' UIM carrier, which was also her PIP carrier, deducted both the tortfeasor recovery and the $8,271 it had previously paid as PIP carrier from the $40,271 it owed in UIM benefits. We held that in order to recoup PIP payments from the combined tortfeasor and UIM fund created by the insured, the insurer must pay a pro rata share of the legal expenses incurred by the insured in creating the fund. *Id.*

The essential facts of this case are nearly identical to the essential facts in *Winters*. Woodley obtained a UIM arbitration award of $450,000 and a tortfeasor settlement in the amount of $300,000. Safeco deducted both the tortfeasor recovery and the $56,435.25 it had previously paid as PIP insurer from the $450,000 it owed in UIM benefits. Pursuant to *Winters*, Woodley argues that Safeco should pay a pro rata share of the legal expenses she incurred to recover from the tortfeasor and arbitrate the UIM claim.

To distinguish the facts of this case from the facts of *Winters*, Safeco argues that it did not participate in the common fund created by Woodley because it purports to have waived any interest in the funds recovered from the tortfeasor after the arbitration for UIM benefits concluded

---

[3] *Winters* was a consolidated case involving the claims of Sarah Winters and Kyle Perkins. For simplicity's sake, only the facts of the case involving Winters are recounted here.

but prior to Woodley's settlement with the tortfeasor. Even though the settlement with the tortfeasor was not finalized, however, Safeco notified Woodley immediately following the conclusion of the UIM arbitration that it planned to take a $300,000 setoff from its $450,000 UIM obligation based on the tortfeasor's liability limits and planned to recoup the PIP benefits it previously paid from the arbitration award. Therefore, whatever interests Safeco felt comfortable waiving, it is clear that it retained two important interests: (1) its right to set off the $300,000 tortfeasor recovery, and (2) its right to reimbursement of its PIP payments.

After the arbitration award, Safeco tendered Woodley a check for only $93,564.75 ($450,000 UIM award, minus $300,000 tortfeasor recovery setoff, minus $56,435.25 offset for prior PIP payments) instead of the full UIM award of $450,000. Thus, contrary to Safeco's assertions, it did participate in the common fund created by Woodley, for purposes of the pro rata sharing rule, by taking the $56,435.25 PIP reimbursement offset.

Like the insurance company in *Winters*, Safeco "seems to forget that it has written and received premiums for separate and different coverages." *Id*. at 882. Woodley generated a common fund comprised of a recovery from the tortfeasor and a recovery from her UIM carrier. As in *Winters*, "[t]hese pooled funds became the common fund from which the PIP insurer was able to recoup payments it had made." *Id*. at 881. Safeco has presented no sound basis on which to distinguish this case from *Winters*. Accordingly, we apply *Winters* and conclude that Safeco must pay Woodley its pro rata share of the legal expenses she incurred in generating the common fund from which Safeco, as PIP carrier, recouped its earlier PIP payments.

The proper ratio for determining Safeco's pro rata share of legal expenses is calculated by dividing the amount of the PIP reimbursement ($56,435.25) by the amount of the total damages ($450,000). Under this calculation, Safeco owes approximately 12.54 percent of Woodley's legal expenses (which are estimated to be $126,888). This formula, legal

expenses multiplied by the ratio obtained by dividing the PIP reimbursement by total damages, is consistent with the formula implicitly affirmed in *Winters*.

### B.  *Woodley is Not Entitled to Prejudgment Interest.*

Woodley argues that the pro rata share of legal expenses that Safeco should have paid under *Winters* is a liquidated sum, and that she is entitled to prejudgment interest on that sum because Safeco benefited from the use-value of money that properly belonged to her. Safeco responds that awards of legal expenses do not bear prejudgment interest.

■■ Prejudgment interest is permitted if the amount claimed is liquidated or otherwise capable of calculation with "exactness, without reliance on opinion or discretion." *Prier v. Refrigeration Eng'g Co.*, 74 Wn.2d 25, 32, 442 P.2d 621 (1968). In this case, the ratio for determining the pro rata share of legal expenses that Safeco is obligated to pay under *Winters* can be applied without reliance on opinion or discretion. The baseline amount of legal expenses to which the pro rata percentage would apply, however, has not yet been determined, and such a determination lies within the discretion of the trial judge. Because the amount of legal expenses has not yet been determined, the claim cannot be considered liquidated and Woodley is not entitled to prejudgment interest. *See Weyerhaeuser Co. v. Commercial Union Ins. Co.*, 142 Wn.2d 654, 687-88, 15 P.3d 115 (2000) ("an award of attorneys' fees is precisely the type of discretionary claim where we have rejected the right to prejudgment interest").

### C.  *Woodley is Entitled to Attorney Fees on Appeal.*

■■ Woodley requests her reasonable attorney fees, including those on appeal, pursuant to RAP 18.1 and *Olympic Steamship Co. v. Centennial Insurance Co.*, 117 Wn.2d 37, 54, 811 P.2d 673 (1991) ("An insured who is compelled to assume the burden of legal action to obtain the benefit of its insurance contract is entitled to attorney fees."). While attorney fees are available for "vindication of

policy provisions to which the insured is entitled," attorney fees are not available to an insured in cases involving a dispute over the extent of the insured's damages or factual questions of liability. *Godfrey v. Hartford Cas. Ins. Co.*, 142 Wn.2d 885, 899, 16 P.3d 617 (2001).

This case does not involve a dispute over the extent of Woodley's damages or factual questions regarding liability. Instead, it involves Woodley's right to receive the full benefit of her PIP and UIM coverages, which includes, under *Winters*, a pro rata share of the legal expenses she incurred in creating the common fund from which her PIP carrier received reimbursement. If Safeco were not compelled to pay its pro rata share of legal expenses, Woodley would not receive the full benefit of her coverage. Accordingly, this case appears "more akin to a dispute over the vindication of policy provisions to which the insured is entitled (for which fees may be awarded) than a dispute over the amount of coverage (for which fees are not available)." *Id.* Woodley's request for reasonable attorney fees, including those on appeal, is granted.

ALEXANDER, C.J.; JOHNSON, MADSEN, IRELAND, BRIDGE, CHAMBERS, and OWENS, JJ.; and SWEENEY, J. Pro Tem., concur.