90 P.3d 1154 (2004)
121 Wash.App. 844
Nathaniel A. COOK and Stephanie Reichel Cook, husband and wife, Appellants,
v.
USAA CASUALTY INSURANCE COMPANY, Respondent.
No. 52714-2-I.
Court of Appeals of Washington, Division 1.
June 1, 2004.
*1155 James M. Beecher, Hackett Beecher & Hart, Seattle, WA, for Appellants.
James T. Derrig, Melia Mauer Cossette, Seattle, WA, for Respondent.
COLEMAN, J.
Nathaniel and Stephanie Cook received insurance payments for a fire loss that they believed was caused by Lavine's Heating and Sheetrock Co. These payments were their policy limits and did not fully cover the damages. Their insurer, USAA, retained a $212,000 subrogation lien against any recovery obtained by the Cooks. Before the Cooks went to trial against Lavine's, USAA sold its subrogation rights to Lavine's insurer for $126,000. A jury found that Lavine's was not liable for the fire.
The issue presented on appeal is whether Thiringer v. Am. Motorists Ins. Co., 91 Wash.2d 215, 588 P.2d 191 (1978) requires USAA to ensure that the Cooks are fully compensated before it can apply the funds it received from the sale of its subrogation rights. We conclude that the Thiringer subrogation rule favoring full compensation of insureds over subrogation rights of insurers does not apply here because there is no third party liable to the insured. The trial court's summary judgment order dismissing the Cooks' claims against USAA is affirmed.

FACTS
The Cooks' house was under construction when a fire started in a gas water heater exhaust flue installed by Lavine's. The Cooks claimed losses exceeding $300,000, including $196,124 worth of destroyed personal property, $52,909 for labor and materials paid to Jon Butler, and other general damages. After a coverage dispute was settled, USAA paid the Cooks $212,000 under their homeowners policy and $14,500 under a renter's policy. These amounts were the policy limits.
As part of the Cooks' settlement with USAA, USAA retained a $212,000 subrogation interest in the Cooks' claims against Lavine's and Butler. Lavine's and Butler agreed to settle with USAA without obtaining a release from the Cooks. Butler agreed to pay USAA $25,000, assigned its claims against Lavine's to the Cooks, offered its expert for the Cooks' use at trial, and received indemnification from USAA against the Cooks' claims. Lavine's insurer agreed to buy USAA's subrogation interest for $126,000. Thus, USAA received a total of $151,000 from Lavine's and Butler. The Cooks did not go to trial against Butler, but they did proceed to trial against Lavine's on *1156 their claims that Lavine's negligence was the cause of the fire.
At trial, the Cooks' negligence claims were dismissed on a defense verdict. The Cooks then demanded that USAA make them whole for their uninsured losses by paying them a portion of the $151,000 that USAA received from Lavine's and Butler. USAA refused and the Cooks filed suit against USAA, claiming that under Thiringer, USAA was not entitled to retain any subrogation settlement amounts until the Cooks were fully compensated. The court granted summary judgment to USAA.

ANALYSIS
"Summary judgment is appropriate if `the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law.'" Brown v. Snohomish County Physicians Corp., 120 Wash.2d 747, 752, 845 P.2d 334 (1993) (quoting CR 56(c)). Where there are no disputed material facts, the question is whether judgment is appropriate as a matter of law. Brown, 120 Wash.2d at 752, 845 P.2d 334. The standard of review on summary judgment is de novo. Marincovich v. Tarabochia, 114 Wash.2d 271, 274, 787 P.2d 562 (1990).
"In the insurance context, the `doctrine of subrogation enables an insurer that has paid an insured's loss pursuant to a policy ... to recoup the payment from the party responsible for the loss.'" Mahler v. Szucs, 135 Wash.2d 398, 413, 957 P.2d 632 (1998) (quoting Elaine M. Rinaldi, Apportionment of Recovery Between Insured and Insurer in a Subrogation Case, 29 TORT INS. L.J. 803 (1994)). Thiringer established the following subrogation lien priority rule:
[W]hile an insurer is entitled to be reimbursed to the extent that its insured recovers payment for the same loss from a tort-feasor responsible for the damage, it can recover only the excess which the insured has received from the wrongdoer, remaining after the insured is fully compensated for his loss.
Thiringer, 91 Wash.2d at 219, 588 P.2d 191. The issue in Thiringer was whether an insurer should be allowed to claim reimbursement out of funds its insured received from the tortfeasor if the insured had not been fully compensated for damages. The court held that it is unfair to allow the insurer to receive personal injury protection (PIP) reimbursements before the insured is fully compensated "since the insured pays a premium for the PIP coverage and has a right to expect that the payments promised under this coverage will be available to him if the amount he is able to recover from other sources, after diligent effort, is less than his general damages." Thiringer, 91 Wash.2d at 220, 588 P.2d 191.
The Cooks argue that Thiringer should be applied whenever an insured has uninsured losses and an insurer recovers funds in exchange for its subrogation rights. But Washington courts have applied the Thiringer rule only when a third party is liable to the insured. For example, in examining the nature of subrogation rights, the Thiringer court stated,
Subrogation is an equitable doctrine, and an examination of the cases cited by both parties shows that the courts, unless otherwise directed by statutory requirements, attempt to resolve each case upon a consideration of the equitable factors involved, guided by the principle that a party suffering compensable injury is entitled to be made whole but should not be allowed to duplicate his recovery.
Thiringer, 91 Wash.2d at 220, 588 P.2d 191 (emphasis added). The qualifier that a party's injury must be "compensable" to fall under Thiringer differentiates this case from those cited by the Cooks.
The Thiringer full compensation rule has never been applied in situations where there was no liable third party. The Cooks cite Mahler, Winters v. State Farm Mut. Auto. Ins. Co., 144 Wash.2d 869, 31 P.3d 1164 (2001), and Safeco Ins. Co. v. Woodley, 150 Wash.2d 765, 82 P.3d 660 (2004), for the proposition that the general public policy of full compensation prevails against all subrogation *1157 liens. But the full compensation principle was applied in those cases to hold that in order to protect an insured's right to full compensation, it is necessary for an insurer to share with its insured the expense of obtaining a recovery from which the insurer seeks to satisfy its subrogation rights. Nothing in Mahler, Winters, or Woodley contemplated application of the full compensation principles set forth in Thiringer where there was no tortfeasor. Brown, upon which the Cooks rely, is also inapposite. Brown involved a health service contract that excluded payment for damages for which UIM insurance was available. The court held that under the full compensation rule, injured persons who are entitled to coverage for medical expenses under a health service contract were entitled to exhaust those benefits before being forced to draw upon benefits available from a UIM policy. The common denominator of all these cases is third party liability. In Brown, the insured had a contractual right to benefits under his health services contract and a tort claim against a tortfeasor that could be satisfied under his UIM policy. But when the insured has no basis in tort or contract for a recovery, such as in the Cooks' situation, then Thiringer does not apply.
The facts of this case are unusual in that USAA settled its subrogation claim with Lavine's before Lavine's was determined to be not liable. USAA may have benefited by bargaining away contractual subrogation rights held under its policy with the Cooks, but it did so without affecting the Cooks' claims and the Cooks received the full benefit of their insurance contract. Since the Cooks did not suffer compensable injury, they bear the risk of loss. The trial court did not err in granting USAA summary judgment. Because we conclude that there was no error, the Cooks' constructive trust and bad faith claims necessarily fail.
We affirm.
WE CONCUR: BAKER and BECKER, JJ.