HURWITZ, Circuit Judge,
concurring in part and dissenting in part:
I concur in the memorandum disposition except insofar as it concerns Allstate’s responsibility for attorneys’ fees incurred by K.K.
I agree with the majority that Allstate must contribute its pro rata share of KK’s legal expenses incurred in creating the common fund. See Safeco Ins. Co. v. Woodley, 150 Wash.2d 765, 82 P.3d 660, 663 (2004). I also agree with the majority that the pro rata share is calculated by dividing the amount of personal injury protection (“PIP”) reimbursement by the amount of total damages, see id. and that calculation results in a pro rata share of 12%.
But, the majority errs insofar as it concludes that Allstate is only liable for 12% of KK’s attorneys’ fees incurred in the underinsured motorist insurance (“UIM”) litigation against Allstate. Rather, Woodley expressly holds that when the insurer, as here, seeks to recoup previously paid PIP benefits, the common fund consists of both the recovery from the tortfeasors and the recovery from the UIM insurer. Id. It is undisputed that K.K. incurred $80,517.62 in legal expenses (including fees) in the actions - against the tortfeasors and the UIM carrier. Allstate’s 12% share should be calculated against this amount. I therefore respectfully dissent from the memorandum disposition’s treatment of Allstate’s obligation for attorneys’ fees.